## OYSTER and others *v.* OYSTER and others.[1]

*(Circuit Court, E. D. Missouri. October 16, 1886.)*

1. TRUSTS—PLEA PRO TANTO.
   Where the purpose of a bill in equity is the enforcement of an alleged trust, and rights springing therefrom, a plea in bar to so much of the bill as asks for the enforcement of such trust, setting up a prior adjudication against the complainant, is good.

2. SAME—DECREE WITHOUT PREJUDICE—PLEADINGS.
   Where a suit in equity, brought to enforce a parol trust, was submitted on the pleadings and proofs, and a decree was entered dismissing the bill "without prejudice to any parties to enforce" a trust created by a certain deed to one of the defendants, and without prejudice to any of the rights created by a certain will, *held*, that this was a final determination of the merits of the controversy, and settled the question of the existence of the parol trust against the complainants, and that the decree could be pleaded in bar in a subsequent suit by the same complainant to enforce the same trust.

In Equity. Demurrer to plea. See 22 Fed. Rep. 628, and 19 Fed. Rep. 849.

*James Carr,* for complainants.

*Dryden & Dryden,* for defendants.

BREWER, J. In this case a bill in equity was filed some years ago, seeking, in behalf of the children of David Oyster, to enforce a parol trust created at the time of an administrator's sale, and also to enjoin certain judgments in ejectment. That case went to hearing, and a decree was entered dismissing the bill, upon the pleadings and proofs, but containing a reservation of this kind:

"Without prejudice to the rights of any parties to enforce a trust created by a subsequent deed from Simon K. Oyster to George Oyster, one of the defendants, and also without prejudice to any of their rights created by a will of the ancestor of these parties."

Now, a new bill has been filed by the same complainants, containing the same allegations and others, but seeking to enforce that same parol trust; and counsel for complainants insist that the decree heretofore rendered was not a decree upon the merits, but left the whole matter open for inquiry. We have no doubt but that the language of the decree expresses just what was the intention of the court at that time,—a determination of the merits of that inquiry,—and that the question as to whether there was or was not a parol trust was settled by that decree adversely to the complainants. To this bill, or at least so much thereof as asks for an enforcement of the parol trust, the defendants have filed a plea in bar, setting up that former adjudication. An inquiry arises whether the plea should not have been broader and run to the whole bill. It is possible it should have been, because the whole cast of this bill is for the purpose of enforcing that parol trust, and rights springing therefrom, and that has been adju-

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

dicated against the complainants. There is no doubt that it was so adjudicated. The demurrer to the plea will therefore be overruled, because there has been a former adjudication, so intended, and so expressed, in the language of the decree as to be beyond any possibility of misconception.

*Treat, J.* I would remark to counsel that the plea seems to be, in one sense, a plea *pro tanto.* It might have been a plea in entirety.

*Mr. Dryden.* I intended to make it a plea to all of the principal relief sought.

*Treat, J.* The only question, then, as Brother BREWER says, is on the demurrer.

*Brewer, J.* The entry will be, "Demurrer to the plea overruled."